word. This word may nevertheless be used as a term of disposition and when so used the courts have considered it sufficient to render the bequest or devise valid. Froage v. Fisher, 291 Ky. 655, 165 S.W.2d 358; Hagan v. Muir, 268 Ky. 636, 105 S.W.2d 820.

 It is conceded that the words "personal" and "private" have a variety of definitions, and the sense in which they are employed is to be gathered from the context of the instrument. Courts take liberties with language used in wills in order to effectuate intention, for after all, words are used to convey ideas. The idea is primary, and the means of expressing it, secondary. Jennings v. Jennings, 299 Ky. 779, 187 S.W. 2d 459.

 We think the terms employed by the testator, when considered in the light of his limited qualifications to execute a formal will, manifest a definite intention on his part to will both his real and personal property to Hester and Edgar Wells. Therefore, we are of the opinion that the judgment entered by the court was correct.

Judgment affirmed.

Fritz Krueger, Somerset, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

We are affirming the judgment in this case for a fine of $100 and 30 days in jail because we think there was ample evidence to submit the case to the jury on the offense charged against the appellant.

The motion for an appeal is overruled and the judgment is affirmed.

**Jess BELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

**Opal BURKETT, as Mother & Next Friend of Brenda Burkett, an Infant Two Years of Age, Appellant,**

v.

**SOUTHERN BELLE DAIRY COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1954.

